**FILED**
March 11, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____NM_____
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **CLEYVER JULIAN ABRAHAM FARFAN,** § § § | |
| Petitioner, § | **NO. SA-26-CV-539-OLG** |
| v. § | |
| **KRISTI NOEM** *et al.*, § § | |
| Respondents. § | |

## ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Cleyver Julian Abraham Farfan's Verified Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 and Request for Declaratory and Injunctive Relief (Dkt. No. 1). Respondents have responded (Dkt. No. 5), and Petitioner has replied (Dkt. No. 7). After careful consideration, the Court will grant the Petition for the reasons set forth below.

### I.   BACKGROUND

Based on the record, Petitioner is a citizen of Mexico who entered the United States without inspection in 1998. *See* Dkt. No. 1 at 4–5. Thereafter, Petitioner received protections under the Deferred Action for Childhood Arrivals. *Id.* at 5. On November 14, 2024, Petitioner was convicted of misdemeanor assault. *Id.* As a result of that offense, Petitioner was issued a Notice to Appear—which charged him with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i), as "an alien present . . . without being admitted or paroled"—and then released on his own recognizance. *See* Dkt. Nos. 1 at 5; 1-3 at 1. He was encountered by ICE during a routine check-in on September 25, 2025, and is presently being detained pursuant to 8 U.S.C. § 1225(b)(2)(A) pending the conclusion of his removal proceedings under § 1229a.

Petitioner initiated this action on January 29, 2026, seeking an order compelling his release or requiring that he be given a bond hearing, on the grounds that he may not be mandatorily

detained consistent with the Immigration and Nationality Act ("INA") and his right to due process.[1] *See* Dkt. No. 1 at 12–14, 20.

## II.    JURISDICTION

District courts have jurisdiction to grant a writ of habeas corpus if a petitioner is in federal custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c).

The INA does not strip the Court of jurisdiction over the instant challenge to detention. *See, e.g., Perez-Puerta v. Johnson*, No. SA-25-CV-1476-OLG, Dkt. No. 13 at 2–4 (W.D. Tex. Dec. 15, 2025) (addressing and rejecting the applicability of 8 U.S.C. §§ 1252(g), 1252(b)(9), 1225(b)(4) in context of challenges to mandatory detention).

Nor would Petitioner's failure to exhaust administrative remedies, as the exhaustion requirement in the immigration detention context is likely prudential rather than jurisdictional. *Calderon Lopez v. Lyons*, --- F. Supp. 3d ---, 2026 WL 44683, at *1 n.1 (N.D. Tex. Jan. 7, 2026) (citing 8 U.S.C. § 1252(d)(1)). And "exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Hinojosa v. Horn*, 896 F.3d 305, 314 (5th Cir. 2018) (citation modified); *see Calderon Lopez*, 2026 WL 44683, at *1 n.1 (finding that exhaustion—i.e., an appeal to the BIA—would be "an exercise in futility" and therefore was not required); *Petgrave v. Aleman*, 529 F. Supp. 3d 665, 672 & n.14 (S.D. Tex. 2021) (finding that administrative exhaustion would be futile where constitutional challenge to detention procedures are raised); *Lopez-Arevelo v. Ripa*, 801 F. Supp.

---

[1] Petitioner also purports to assert a claim under the Administrative Procedure Act ("APA"), *see* Dkt. No. 1 at 15–17, but because he did not pay the filing fee for non-habeas claims, his APA claim is not properly before the Court. *See Ndudzi v. Castro*, No. 20-CV-492-JKP, 2020 WL 3317107, at *2 (W.D. Tex. June 18, 2020) ("The payment of the $5 habeas filing fee relegates this action to habeas relief only. One cannot pay the minimal habeas fee and pursue non-habeas relief."). It will therefore be dismissed without prejudice.

3d 668, 680–81 (W.D. Tex. 2025) (explaining that requiring petitioner to wait for a ruling on an appeal to BIA would "exacerbate his alleged constitutional injury—detention without a bond hearing"); *Hernandez-Fernandez v. Lyons*, No. 25-CV-773-JKP, 2025 WL 2976923, at *6–7 (W.D. Tex. Oct. 21, 2025) (same).

### III.   DISCUSSION

Petitioner challenges his detention under the INA and the Due Process Clause of the Fifth Amendment. As the petitioner, he bears the burden of proving that he is "in custody in violation of the Constitution or laws or treaties of the United States." *Villanueva v. Tate*, 801 F. Supp. 3d 689, 696 (S.D. Tex. 2025) (quoting 28 U.S.C. § 2241(c)(3)). "[B]ecause the habeas proceeding is civil in nature, the petitioner must satisfy his burden of proof by a preponderance of the evidence." *Id.* at 696–97 (quoting *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011)). "A court considering a habeas petition must 'determine the facts . . . and dispose of the matter as law and justice require.'" *Id.* at 697 (quoting 28 U.S.C. § 2243).

### A.   Statutory Challenge to Application of 8 U.S.C. § 1225(b)

Petitioner's statutory basis for relief turns on whether all noncitizens who are applicants for admission by virtue of their being present in the United States without having been admitted or paroled are subject to mandatory detention under § 1225(b)(2)(A), or discretionary detention under § 1226(a). Dkt. Nos. 1 at 12–13; 5 at 1; *see* 8 U.S.C. §§ 1225(b)(2)(A) (providing that "the alien shall be detained"), 1226(a) (providing that "an alien may be arrested and detained").

For decades, the Department of Homeland Security ("DHS") concluded that 8 U.S.C. § 1225(b)(2)(A), which mandates detention, did not apply to applicants for admission encountered for the first time in the interior of the United States, as those aliens were understood to be evading detention, as opposed to "seeking" admission. *See, e.g.*, *Calderon Lopez*, 2026 WL 44683, at *6;

*see also* 8 U.S.C. § 1225(b)(2)(A) (mandating detention of "applicant[s] for admission . . . seeking admission"). Last year, DHS abruptly changed course. It determined that all applicants for admission, including those present in the interior of the United States, are subject to mandatory detention under § 1225(b)(2)(A) and, therefore, ineligible for release on bond. *See Calderon Lopez*, 2026 WL 44683, at *7. The Board of Immigration Appeals agreed with DHS's position in *In re Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025).

Respondents' position here is, accordingly, that Petitioner, like all applicants for admission, must be detained under § 1225(b)(2)(A). *See* Dkt. No. 5 at 1; *see also Yajure Hurtado*, 29 I&N Dec. at 220–21. A divided panel of the Fifth Circuit has agreed. *See Buenrostro-Mendez v. Bondi*, --- F.4th ---, 2026 WL 323330, at *1 (5th Cir. Feb. 6, 2026) (rejecting the longstanding application of § 1226(a) to the detention of aliens, like Petitioner, who are applicants for admission by virtue of their presence in the United States without having been admitted or paroled). As the law stands, "unadmitted aliens apprehended *anywhere* in the United States are *ineligible for release* on bond, *regardless of how long they have resided inside the United States*." *Id.* at *3 (emphasis added).

As such, to the extent Petitioner raises a statutory challenge to mandatory detention under § 1225(b)(2)(A), that basis for relief has been foreclosed by *Buenrostro-Mendez* and is therefore dismissed.

**B.     Due Process Challenge to Mandatory Detention**

Petitioner next challenges his detention on constitutional grounds. He argues that his being mandatorily detained without a bond hearing—to establish whether he poses a risk of flight or a danger to the community—violates his due process rights. Dkt. No. 1 at 14–15. The Court agrees.

"Noncitizens are entitled to due process of the law under the Fifth Amendment." *Ochoa v. Vergara*, --- F. Supp. 3d. ---, No. 26-CV-266-RP, 2026 WL 482211, at *2 (W.D. Tex. Feb. 20, 2026)

(citing *Trump v. J. G. G.*, 604 U.S. 670, 673 (2025)). "[G]overnment detention violates th[e Due Process] Clause unless the detention is ordered in a *criminal* proceeding with adequate procedural protections . . . or, in certain special and narrow nonpunitive circumstances, . . . where a special justification . . . outweighs the individual's constitutionally protected interest in avoiding physical restraint." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Accordingly, if Petitioner has a constitutionally protected liberty interest in residing freely within the United States despite his status as an applicant for admission, then Respondents may not detain him during the pendency of his removal proceedings—notwithstanding the applicable mandatory detention provision in § 1225(b)—unless Respondents' "special justification" for doing so "outweighs" his liberty interest. *See id.*

Petitioner has a constitutionally protected liberty interest in residing freely within the United States during the pendency of his removal proceedings because he "has lived in the United States for [more than twenty] years, with [some] of those years occurring with the express permission of DHS while he was subject to supervised release pending the resolution of his removal proceedings." *Bonilla Chicas v. Warde*, --- F. Supp. 3d ---, No. 26-CV-131, 2026 WL 539475, at *6 (S.D. Tex. Feb. 20, 2026); *see Marceau v. Noem*, No. 26-CV-237-KC, 2026 WL 368953, at *1 (W.D. Tex. Feb. 9, 2026) ("[A] person may obtain a liberty interest through their presence in the country, particularly where that presence is with the express permission of the Government." (citing *Lopez-Arevelo*, 801 F. Supp. at 685–86)). Even after his conviction and the subsequent initiation of removal proceedings, DHS released Petitioner on his own recognizance. *See* Dkt. No. 1 at 5. His "interest in being free from imprisonment" is "the most significant liberty interest there is." *Bonilla Chicas*, 2026 WL 539475, at *10 (quoting *Velasco Lopez v. Decker*, 978 F.3d 842, 851 (2d Cir. 2020)). Indeed, "liberty from bodily restraint always has been recognized

as the core of the liberty protected by the Due Process Clause." *Youngberg v. Romeo*, 457 U.S. 307, 316 (1982)). Thus, not only does this factor clearly weigh in Petitioner's favor, but it "deserves great weight and gravity." *Ochoa*, 2026 WL 482211, at *3 (quoting *Vieira v. De Anda-Ybarra*, 806 F. Supp. 3d 690, 701 (W.D. Tex. 2025)). Accordingly, Respondents' "special justification" must "outweigh" Petitioner's very weighty liberty interest. *See Zadvydas*, 533 U.S. at 690.

But Respondents point to no such justification. *See* Dkt. No. 5 at 10–12. While the government has a general interest in enforcing the INA, that interest is subservient to the Constitution's protections. *See, e.g., Counselman v. Hitchcock*, 142 U.S. 547, 565 (1892) ("Legislation cannot detract from the privilege afforded by the constitution"), *overruled on other grounds by Kastigar v. United States*, 406 U.S. 441 (1972). Of course, "the Government has an interest in detaining noncitizens who pose a flight risk or a danger to the community." *Bonilla Chicas*, 2026 WL 539475, at *11. But if Petitioner poses neither, then restoring his liberty during the pendency of his removal proceedings would in no way diminish the Government's "power to admit or exclude aliens." *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 139 (2020). And yet, § 1225(b)'s mandatory detention provision requires that Petitioner—and, indeed, all applicants for admission—be detained irrespective of whether he poses a danger or flight risk. The Court recognizes that some applicants for admission may present such risks, and, in those cases, the mandatory detention provision would have correctly resulted in their detention throughout removal proceedings. But mandatorily detaining *every* applicant for admission—including Petitioner— without any hearing or other individualized assessment of whether they pose any risk that would outweigh their liberty interest creates "a very high risk of erroneous deprivation of liberty." *Bonilla Chicas*, 2026 WL 539475, at *11.

6

Based on the foregoing, Petitioner's due process rights have been violated, and that violation "cannot be mitigated through a post-deprivation hearing." *Bonilla Chicas*, 2026 WL 539475, at *11. Rather, "the need for an individualized determination of whether detention is warranted *at the time of arrest* is required to protect Petitioner's liberty interest." *Id.* In short, "the Due Process Clause of the Fifth Amendment guarantees [Petitioner] adequate notice of the intent to revoke his prior release, an individualized assessment of his flight risk and dangerousness, and an opportunity to respond at a hearing before his re-detention by ICE." *Bonilla Chicas*, 2026 WL 539475, at *11.

Turning to relief, in habeas cases where the Court finds detention unlawful, "the typical remedy for such detention is, of course, release." *Munaf v. Geren*, 553 U.S. 674, 693 (2008). "In recent months, courts across the country have ordered the release of detainees in similar situations." *Ochoa*, 2026 WL 482211, at *4 (collecting cases).[2] The Court agrees and will order Petitioner's immediate release. *See id.*; *Bonilla Chicas*, 2026 WL 539475, at *12.

---

[2] *See Sanchez*, 2026 WL 596133, at *8 (granting relief, post-*Buenrostro-Mendez*, in habeas case brought by petitioner who entered without inspection in 1996 and was arrested and mandatorily detained for the first time in 2025); *Hassen v. Noem*, No. 26-CV-48-DB, 2026 WL 446506, at *1–2 (W.D. Tex. Feb. 9, 2026) (citing *Vieira*, 806 F. Supp. 3d 690) (same, in habeas case brought by petitioner who initially presented at a port of entry, was placed in expedited removal proceedings and detained pending a credible fear interview, and was ultimately granted humanitarian parole under § 1182(d)(5)(A)); *see also Clemente Ceballos v. Garite*, No. 26-CV-312-DB, 2026 WL 446509, at *2 (W.D. Tex. Feb. 10, 2026) (finding due process violation as applied to alien who entered without inspection in 2004 and had never been paroled or otherwise released into the country by DHS prior to his first encounter with, and resulting detention by, ICE in 2026); *Lopez-Arevelo*, 801 F. Supp. 3d at 674, 685–88 (granting habeas relief on procedural due process grounds to petitioner who had previously been detained upon entry and then paroled into the country); *Parada-Hernandez v. Johnson*, No. 25-CV-2729-K-BN, 2025 WL 3465958, at *1, 3–6 (N.D. Tex. Oct. 29, 2025) (same, in habeas case brought by petitioner who had previously been released under an ORR and finding that denial of a bond hearing based on application of § 1225(b)(2) violated procedural due process), *report and recommendation adopted*, No. 25-CV-2729-K-BN, 2025 WL 3463682 (N.D. Tex. Dec. 2, 2025); *Hernandez-Fernandez*, 2025 WL 2976923, at *1, 8–10 (same); *Ordonez-Lopez v. U.S. Dep't of Homeland Sec.*, No. 25-CV-470-KC, 2025 WL 3123828, at *1, 3–5 (W.D. Tex. Nov. 7, 2025) (same, in habeas case brought by petitioner who entered without inspection, was apprehended years later, applied for asylum, and then was paroled into the country); *Santiago v. Noem*, No. 25-CV-361-KC, 2025 WL 2792588, at *1, 6–14 (W.D. Tex. Oct. 2, 2025) (same, in habeas case brought by petitioner who had protection from deportation under DACA); *Vieira*, 806 F. Supp. 3d at 700–01 (same, in habeas case brought by petitioner who was

## IV. CONCLUSION

Based on the foregoing, Petitioner Cleyver Julian Abraham Farfan's Verified Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 and Request for Declaratory and Injunctive Relief (Dkt. No. 1) is **GRANTED IN PART** as follows:

1. Respondents must release Petitioner from custody, under conditions no more restrictive than those in place before the detention at issue in this case, to a public place on or before **Monday, March 16, 2026**;

2. Respondents must notify Petitioner's counsel of the exact location and time of Petitioner's release as soon as practicable and **at least two hours before release**;

3. Respondents must file a status report no later than **Wednesday, March 18, 2026**, confirming that Petitioner has been released under conditions of release no more restrictive than those in place prior to the detention at issue in this case.

The Petition is **DENIED IN PART** to the extent Petitioner seeks to recover attorney's fees under the Equal Access to Justice Act. *Barco v. Witte*, 65 F.4th 782, 785 (5th Cir. 2023) ("[T]he EAJA does not authorize attorney's fees for successful 28 U.S.C. § 2241 motions."), *cert. denied*, 144 S. Ct. 553 (2024).

Finally, Petitioner's non-habeas claim is **DISMISSED WITHOUT PREJUDICE**.

This Order is a **FINAL JUDGMENT**, and the Clerk is directed to **CLOSE** this case upon its entry.

It is so **ORDERED**.

---

apprehended upon entry and then released under an ORR); *cf. Black v. Decker*, 103 F.4th 133, 149 (2d Cir. 2024) (finding that mandatory detention under § 1226(c) violated due process as applied to alien whose detention pending removal had become unreasonably prolonged).

SIGNED on March 11, 2026.

_____
ORLANDO L. GARCIA
United States District Judge